UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ /MW/ _____ D.C.

05 OCT 25  AM 11: 47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

YOUNG'S TRADING COMPANY, Inc. and
YOUNG'S TRADING COMPANY.com,
Tennessee Corporations,

           Plaintiffs,

-against-

FANCY IMPORT, INC., YEONG H. YUN,
CHUN H. YI, and HOON G. JEONG,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 03-CV-2637

(JURY TRIAL DEMANDED)

*This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-25-05*

## ~~JOINT PROPOSED~~ PRE-TRIAL ORDER

COME NOW, the parties by and through counsel and submit the following, to be considered as the Pre-Trial Order entered in the above styled case after conference with counsel for the parties:

(1)    All parties listed in the caption above remain in this case, with the exception of Defendant Hoon G. Jeong, to which a motion for default judgment remains pending. Plaintiffs intend on filing a motion for Default Judgment against Defendant Yun for not attending the court ordered settlement conference.

(2)    There are no remaining jurisdictional questions before this Court.

(3)    There are no pending motions before this Court other than the motion for default judgment referenced in (1) above. Plaintiffs intend on filing a Motion for Default Judgment against Defendant Yun for not appearing at the Court Ordered Mediation on October 12, 2005 and a Motion to Require the Parties to Post a Security Bond for Jury Trial Expenses. The costs of the


This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____



translator, Gwi-ok, will be equitably shared by the parties.

(4)     The following is a short summary of the case that may be read to the venire at the beginning of voir dire:

**The corporate parties in this case are in the import/export wholesale business. The plaintiffs began doing business in 1987 in Memphis and began an internet business for the convenience of its customers in 2001. The defendant company organized and started a business in September 2002 in Atlanta, Georgia. Two of the individual defendants were former employees of plaintiffs; one was the manager of shipping and the other was a programmer. These two individuals left the employ of plaintiffs in August and September 2002, respectively, and moved to Atlanta, whereby they became employed by the defendant company. The defendant company is owned by another named defendant. Plaintiffs contend that the defendants conspired together and took plaintiffs customer lists and trade secrets and converted the same to their own use, causing a loss of profits. Plaintiffs also contend slander, libel, intentional interference with contractual relations, breach of employment contracts and attempts of sabotage of the plaintiffs' internet business. Defendants deny any wrongdoing, and the corporate defendant has a counterclaim against the plaintiffs for intentional interference with contractual relations.**

(5)     The following is a brief and succinct outline of the case and contentions:

(a)     Contentions of Plaintiffs

1.     **Young's was started by Young and Susie Chang in February 1987 and was incorporated in 2000. Young's Trading.com was started as a separate entity in February 2003 and incorporated simultaneously, although a separate internet business had been**

2

started in 2001.

2.      The individually named defendants, Yeong Yun and Hoon Jeong, were employed by the Plaintiffs, Mr. and Mrs. Chang; they were also "H-1" sponsors for these immigrants.

3.      Defendant Yeong Yun was employed in a management position and was in charge of internet sales, a large component of Young's business. Part of the duties associated with his position included purchasing software, making modifications and enhancements to said software and programming at Young's from April 2001 to September 2002.

4.      Defendant Chun H. Yi was a former customer of Young's.

5.      Defendant Yi sponsored and paid for Yeong Yun in 2002 to return to Korea and for his moving expenses; Yun stayed for one year in Korea, returning in 2003 to Atlanta, where he became employed at Fancy.

6.      Defendant Hoon G. Jeong was employed at Young's from the summer of 2001 to the end of August 2002, in shipping and receiving. Part of the duties associated with this position included access to the customer list and the merchant or vendor lists.

7.      Fancy followed almost exactly the business practices of Young's, as it was set up and managed by Young and Susie Chang.

8.      The Defendant Yeong H. Yun moved to Atlanta on or about September 24, 2002 and became a principal in the company Fancy.

9.      The Defendant Chun Yi moved to Atlanta on or about September 24, 2002

and became a principal in the company Fancy Import, Inc.

10.     The Defendant Hoon Jeong moved to Atlanta on or about September 24, 2002 and became a principal in the company Fancy Import, Inc., then moved to Cordova, Tennessee.

11.     Paul Young, son of Plaintiffs, received an e-mail in September 2002, from the Defendant Fancy, as if it was from Young's.  The website was a "look alike;" the entire customer list automatically were e-mailed by Fancy.

12.     Paul responded but the reply was routed to Fancy Import, Inc.

13.     Several customers attempted to communicate with Young's Trading Company but were routed to Fancy Import, Inc.

14.     Several vendors attempted to communicate with Young's Trading Company but were routed to Fancy Import, Inc.

15.     When this diversion was discovered, on or about March 2003, Young Chang and a computer expert attempted to alter the program, as set up by the Defendant Yeong Yun, conspiring with Chun Yi and Hoon Jeoung and the system "crashed" and "deleted" all data.

16.     The program was set up to delete and crash upon any diversion discovery.

17.     Fancy had a majority of the same customers on the list belonging to Young's.

18.     Young's (s) have been damaged monetarily for loss of revenues and profit, and also for loss of reputation and good will for failure of the Defendant Fancy Imports to deliver goods and services as would have the plaintiffs.

4

(b)     Contentions of Defendants:

**Defendants never stole any customer list or confidential information of Plaintiffs. No Defendant ever breached any employment agreement while working for Plaintiffs. Plaintiffs engaged in anticompetitive behavior and wrongfully induced Defendant Yun to leave the employ of Fancy Import, Inc. by offering to dismiss the lawsuit if Yun would stop working at Fancy.**

(6)     Stipulated Facts:

**None.**

(7)     Contested issued of fact:

1.     **Whether or not the defendants stole trade secrets and business practices, including but not limited to, customer lists, merchant lists, billing lists, source codes, and enhanced software, from Young's.**

2.     **Whether or not Yeoung H. Yun had unfettered access to all of the source codes and other confidential information owned by Young's; whether or not Chun H. Yi had access to data bases, source codes, customer lists, software and supplier lists; whether or not Hoon Jeoung had access to confidential shipping and receiving information owned by Young's.**

3.     **Whether or not the Defendants stole customers from Young's.**

4.     **Whether or not the Defendants set up the computer program to divert customers to Fancy's website.**

5.     **Whether or not the defendant, Yeoung Yun, conspiring with Jeoung and Yi, set up Young's computer program to crash and delete upon the diversion discovery or upon**

set up Young's computer program to crash and delete upon the diversion discovery or upon an attempt to change the program.

6.     Whether or not the plaintiffs were damaged monetarily for loss of profits and of good will, due to the actions of the defendants.

7.     Whether or not the defendants breached employment contract(s) with Young's.

8.     Whether or not Yi induced Jeoung and Yun to breach their employment contract with Young's and/or interfered with the employment relationship(s) between Young's and Jeoung and Yun.

9.     Whether or not the defendants conspired to act by common scheme or plan to convert confidential and proprietary information to themselves.

10.     Whether or not the defendants converted this confidential and proprietary information.

11.     Whether Plaintiffs treated their customer list as "confidential information."

12.     Whether any Defendant stole Plaintiffs' customer list.

13.     Whether any Defendant sabotaged or attempted to sabotage Plaintiffs' computer server.

14.     Whether or not Plaintiffs wrongfully induced Defendant Yun from terminating his employment with Fancy by offering to dismiss this lawsuit if he quit.

(8)     Contested Issues of Law:

1.     Whether or not the plaintiffs are entitled to damages.

Tennessee Consumer Act, TCA § 47-17-101.

~~3. Whether or not there is sufficiency of process upon the defendants for the amended complaint, as alleged in their answer by counsel for the defendants upon whom was served a copy pursuant the rules.~~ TMP

4.　　Whether or not the plaintiffs are entitled to a permanent injunction.

5.　　Whether or not an individual can breach an at-will employment contract.

(9)　　List of Exhibits:

(a)　　For the Plaintiffs:

i.　　Defendants' Employment contract memorandum (Defendants object – never produced during discovery)

ii.　　H-1 INS Immigration documents for Defendants (Defendants object – never produced during discovery)

iii.　　2003 Atlanta Video of defendant, Yun (Defendants object – never produced during discovery)

iv.　　Books and records of Young's Trading Companies, including but not limited to, financial documents, customer lists, addresses, email addresses, administrative codes in software and/or website. (Defendants object – never disclosed during discovery, other than those documents filed with the Court Under Seal pursuant to protective order)

v.　　Internet order sheet

vi.　　Computer hardware & software in Young's possession (Defendants object – never produced during discovery)

7

      vii.     **Defendants' customer lists and web page contacts**

      viii.     **IB POS Systems Invoices**

      ix.     **VP-ASP Shopping Cart – Developers Guide and Web Interface**

      x.     **Black ICE Defender for Server Document**

(b)    For the Defendants:

      i.     **Fancy Import Customer Lists and Sales Dollars**

      ii.     **Young's Trading Customer Lists and Sales Dollars**

      iii.     **VP-ASP Shopping Cart and related/competitive software documentation and advertisements**

      iv.     **e-mails from Fancy customers**

      v.     **Plaintiffs' responses to Defendants' Discovery requests**

      vi.     **Plaintiffs' Complaint and Amended Complaint**

      vii.     **Billing statements regarding litigation expenses**

(10)    List of Witnesses:

(a)    For the Plaintiffs:

**Dottie Ray**

**Paul Chang**

**Susie Chang**

**Young Chang**

**Tae Kang**

**Jeff Yoon**

**Chi Y. Kim**

**May be called: Customers: Michelle Johnson, Kim Crane, Barbara Clary, Jennifer Gretlein, Dina Cortez, Maudie Gibson, Donna Fletcher, Betty Dunn, Margaret Ryals, Karen Long, Gay Robinson, Gwen White, Joanne Berman, Patricia Baugus, Michelle Bruce, Helen Huff, Joni Cole, Luz Alverez, Mary Hannusch, Bunnie Sears, Heike Wallace, Lorell Gayaut, Ronda Jordan-Elam, Gloria Griffin, Anna Masters, Renee Estes, Candace Farmer, Vicky Accasian, Angela Culver, Joe Choi, Paul Kim, Young Jeoung.**

    (b)    For the Defendants:

**None.**

**May be called: Chun Yi, Yeong Yun, Paul Chang, Susie Chang, Young Chang**

(11)    The testimony of the following persons may be introduced by depositions:

**Yong Chang, Susie Chang, Chun Yi, Yeong Yun, and Dorothy Ray.**

Any objection to the depositions or questions or arguments in the depositions shall be called to the attention of the Court at the pre-trial conference.

(12)    The parties anticipate the length of trial to be one (1) week.

(13)    This case is a jury trial. As such, counsel shall file with the court, not later than two business days prior to the beginning of trial, or by November 4, 2005, copies of all proposed jury instructions (one point per page), any special questions for voir dire examination of the jury venire, and any special interrogatories or verdict forms that counsel wish to submit to the jury. Counsel shall furnish opposing counsel a copy of same. The court will conduct a general voir dire and either ask the proposed special questions of counsel at that time, or allow counsel to conduct limited voir dire.

(14)    Amount of ascertainable damages:

(a)     For Plaintiffs:

**$500,000**

(b)     For Defendants

**$75,000**

(15)    The name, address and phone number of the attorneys who will conduct the trial are as

follows:

Plaintiff:                      Beth Brooks, Esq. (#9139)
                                P.O. Box 11894
                                Memphis, Tennessee 38111
                                901-324-5000

Defendants:                     A. Todd Merolla, Esq. (#6938)
                                A. Todd Merolla, P.C.
                                5855 Sandy Springs Circle, Suite 300
                                Atlanta, Georgia 30328
                                404-261-0500

(16)    The following is a list of special equipment, such as video cassette recorders, overhead

projectors, easels, computers, etc., that the parties intend to bring for use at trial (The court

provides a presentation system including VGA monitors, an evidence camera, a video cassette

recorder, and a video distribution system for these components.  The court does not provide

personal computers or laptops to counsel, however, at the Court's discretion, counsel may access

the video distribution system with their own laptops to disseminate computer generated evidence).

**The Parties would like to be able to bring in a laptop computer to project a variety of
websites to the jury.**

(17)    Any motions in limine, not covered by the objections, must be filed two weeks before the

trial date, or by October 25, 2005.  The opposing party must file a response within five days of

service of the motion in limine.

The Attorneys who will try the case are required to attend the pretrial conference.  The

parties are not required to attend the conference. The attorneys will be generally familiar with pretrial procedures and come to the conference with full authority to accomplish the purpose of the conference, which is to simplify and define the triable issues, expedite the trial, and save expense. At the time of the conference, counsel will report to the Court the prospects of settlement. For a discussion of pretrial conferences, see 23 Federal Rules Decisions 129-138.

If an attorney fails to appear at the pretrial conferences or to comply with the directions set forth herein, an ex parte hearing may be held and judgment or dismissal or default or other appropriate sanctions entered.

After the pretrial conference, the Court will enter a Pretrial Order which shall govern the conduct at trial and will constitute the final statement of the issues involved.

Please take note of the requirements of Local Rule [7.3] of this Court. All parties may submit to the court pretrial memoranda at least 10 days prior to the date of the trial. In a non-jury case, the pretrial memoranda must include proposed findings of fact and conclusions of law.

The procedures set forth in the letter apply to pro se litigants as well as attorneys.


Respectfully submitted this 18th day of October, 2005.

Beth Brooks
Attorney for Plaintiffs
P.O. Box 11894
Memphis, Tennessee 38111
901-324-5000

/s/ Todd Merolla by JB

A. Todd Merolla
Attorney for Defendants
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328
404-261-0500

11

It is hereby ordered that the foregoing, including the attachments thereto, constitutes the

PRE-TRIAL ORDER in the above case and supersedes the pleadings which may not be further

amended except by order of the court to prevent manifest injustice.

This 25 day of October, 2005.

HON. TU M. PHAM

Copies to:

Beth Brooks, Esq.
P.O. Box 11894
Memphis, Tennessee 38111


A. Todd Merolla, Esq.
A. Todd Merolla, P.C.
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 113 in case 2:03-CV-02637 was distributed by fax, mail, or direct printing on October 25, 2005 to the parties listed.

Young's Trading Comp
5529 Summer Ave.
Ste. 101
Memphis, TN 38134

Hoon G. Jeong
184 Scarborough Ln.
Apt. #104
Cordova, TN 38018--486

A. Todd Merolla
A. TODD MEROLLA, P.C.
5855 Sandy Springs Cr.
Ste. 300
Atlanta, GA 30328

Eugene S. Forrester
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Beth Brooks
BROOKS LAW FIRM
119 Racine
Memphis, TN 38111--089

Honorable Tu Pham
US DISTRICT COURT